UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,

Plaintiffs,

vs.

DKS Construction, LLC and
Daniel I. Serotoff, Individually,

Defendants.

---

Civil File No. _____

**COMPLAINT**

Plaintiffs, for their complaint against Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Twin City Carpenters Pension Master Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained

pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3. Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

4. Plaintiffs, and any subsequently appointed successors, are fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21) for each employee benefit trust fund named in Paragraphs 1-3 herein.

5. Defendant DKS Construction, LLC is a corporation registered to do business in Minnesota, and is engaged in the construction business with a registered address of 4524 Columbus Ave S, Minneapolis, MN, 55407, and a business address of 241 Robie St E, St. Paul, MN, 55017. DKS Construction, LLC employs individuals in the carpentry construction industry and signed a Collective Bargaining Agreement to obtain labor for that purpose. DKS Construction, LLC is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. Defendant Daniel I. Serotoff is an individual and an owner and/or officer of DKS Construction, LLC. He has agreed to be personally bound to the Plaintiffs for the fringe benefit contribution obligations. Defendant Daniel I. Serotoff is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7. This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Trustees of the Plaintiff Funds to collect unpaid fringe benefit contributions due per the terms of a Collective Bargaining Agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

8. The trust funds for which the Plaintiffs are trustees are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**FACTUAL BACKGROUND**

9. At all times material herein, by execution of a Collective Bargaining Agreement ("CBA"), Defendants DKS Construction, LLC and Daniel I. Serotoff were bound to the terms of the CBA between the North Central States Regional Council of Carpenters and the Carpentry Contractors Association and Minnesota Drywall & Plaster Association.

10. By signing on behalf of the corporation, Defendant Daniel I. Serotoff agreed to be personally bound to the CBA and individually liable for the full and faithful performance of all the terms and provisions of the CBA, including as to payment of fringe benefit contributions.

4818-3356-1978.2

11. The CBA requires employers, such as Defendants, to make fringe benefit contributions to the Fund in accordance with the CBA's terms. These contributions must be made on behalf of all employees covered by the CBA, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

12. Pursuant to the CBA and the Trust Agreements, Defendants are required to complete a report form with the information as required by the Trustees, identifying each of their employees and each hour worked by that employee during the month performing covered work. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, as the administrative agent designated by the Plaintiff Trustees.

13. The CBA also requires employers, such as Defendants, to make available employment and payroll records for examination and audit by the Plaintiffs' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

## COUNT I
## FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS

14. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 13.

15. Defendants have breached their obligations under the CBA by failing to timely submit the fringe fund reports and pay the contributions owing for the months of January 2018 through the present.

4

16.    Upon information and belief, Defendants have continued to employ individuals performing work covered by the jurisdiction of the CBA during these months and will continue to employ such individuals.

17.    Pursuant to ERISA §515 and §502(a)(2), Defendants are liable for all fringe benefit contributions owed for hours worked by covered employees between January 2018 through the present and continuing to resolution of this matter.

18.    Every month, until this matter is resolved either through dismissal or judgment, Defendants will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, Defendants will be delinquent for each such month. For example, the report and payment due for hours worked during November 2018 are due on December 15, 2018.  Defendants are liable for all contributions which become due and owing during the pendency of this action.

19.    In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of ten percent of delinquent contributions as provided for in the CBA under which the trust fund for which Plaintiffs are Trustees are established. Defendants are liable for ten percent liquidated damages on all delinquent contributions owed from January 2016 through the date of entry of judgment.

4818-3356-1978.2

20. The CBA and Trust Agreements under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle Plaintiffs to their reasonable attorney fees and costs of this action.

## COUNT II
## AUDIT AMOUNT DUE

21. Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 20.

22. Plaintiffs requested that Defendants produce the company's employment and payroll records for audit for the period of January 2016 through December 2017.

23. Defendants produced records for review for the period of January 2016 through December 2017, and Plaintiffs' auditor prepared an invoice based upon the records produced.

24. Pursuant to the audit, Plaintiffs discovered hours worked by various employees governed by the CBA for which fringe benefit contribution payments were not made.

25. The amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit is $4,475.10.

26. In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of delinquent contributions as provided for in the CBA and the Agreement and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

4818-3356-1978.2

## COUNT III
### Right to Audit - January 2018 forward

27.    Plaintiffs reallege and incorporate by reference herein, all preceding paragraphs.

28.    The CBA also requires employers, such as Defendants, to make available employment and payroll records for examination and audit by the Plaintiffs' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

29.    Plaintiffs have requested that Defendants produce a complete set of all employment and payroll records for DKS Construction, LLC, and Daniel I. Serotoff, individually, for the period of January 2018 through the present for the purpose of auditing Defendant's compliance with the terms of the CBA and compliance with Section 515 of ERISA.

30.    Upon information and belief, there have been hours worked by Defendant's employees for which fringe benefit contributions were not remitted.

31.    Unless Defendant is ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

32.    In addition to the fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions

4818-3356-1978.2

computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

33.  The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action, and any costs incurred in performing the audit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court, joint and several, against Defendants DKS Construction, LLC and Daniel I. Serotoff, individually as follows:

1.  For a Judgment in the amount of at least $4,475.10 for fringe benefit contributions due per the hours disclosed pursuant to the audit for the period of January 2016 through December 2017;

2.  For a Judgment for liquidated damages and interest on the unpaid fringe benefit contributions due from the audit period of January 2016 through December 2017, or double interest if greater than interest and liquidated damages.

3.  An order requiring Defendants to immediately submit the fringe benefit fund reports for January through September 2018, and remit payment for the fringe benefit contributions due per the hours disclosed, plus all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its covered employees, and to further enjoin Defendants from failing to timely submit reports and contributions. The fringe fund reports and contributions must be

4818-3356-1978.2

submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN, 55425, as the administrative agent designated by the Plaintiffs' Trustees.

4. A judgment ordering Defendants to produce for inspection and audit the following of their business records, for the period of January 2018 through the present:

   a. All payroll registers or journals;

   b. All time cards;

   c. All Internal Revenue 941 quarterly reports;

   d. All Form 1099s and 1096s;

   e. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

   f. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

   g. All cash disbursement reports or journals;

   h. All business checking account registers or journals;

   i. All checking account bank statements including copies of all checks issued from the accounts;

   j. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

   k. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

   l. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

5. A judgment for amounts to be proven by motion or at trial for any and all delinquent fringe benefit contributions shown to be owing pursuant to those reports, plus

4818-3356-1978.2

all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages under ERISA §502(a)(g) and the CBA.

6. A judgment for all amounts which become due per the reports which Defendants are obligated to submit throughout this litigation, including an additional ten percent of any fringe benefit contribution amounts reported for the liquidated damages.

7. Interest and any additional penalties or damages recoverable under ERISA §502(g).

8. For an award of costs, disbursements and attorney fees according to law.

9. For such other and future relief as the Court deems proper.

Respectfully submitted,

Date:  November 13, 2018

KUTAK ROCK LLP

By: _____
Amanda R. Cefalu (#309436)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
PH:  612-334-5000
FX:  612-334-5050
amanda.cefalu@kutakrock.com

*Attorneys for Plaintiffs*